[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs have filed an amended complaint dated July 10, 2002. The first count claims a breach of contract and the second count claims a breach of the covenant of good faith and fair dealing. Allegations in paragraphs 19-26 are as follows:
19. The March 26, 2002 letter incorrectly claimed that the Policies in effect from January 1, 1982 to January 1, 1985 provided only "Garage" coverage under Part 500 of the Policies, when in fact those Policies also provided Property coverage under Part 330.
20. The Coverage Determination Letters incorrectly claim that the Property coverage Part 330 of the Policies issued prior to 1988 contained an exclusion for "loss to land or water," when in fact the Policies issued prior to 1988 contained no such exclusion in the Property coverage Part 330.
21. The Coverage Determination Letters fail to mention Endorsement No. 100, and fail to acknowledge that pollution is covered under the circumstances described in Endorsement No. 100.
22. Universal failed to conduct a full and adequate investigation before denying Thomas' claim for insurance coverage.
23. Universal knew or should have known that there was no reasonable basis for denying Thomas' claim.
24. The erroneous claims in the Coverage Determination Letters were designed to mislead Thomas into believing that the Policies did not cover the contamination at the Site.
25. Universal had a motive of avoiding payment of Thomas's insurance claim. CT Page 3941
26. Universal acted with malice in misleading Thomas.
By motion to strike dated August 21, 2002, the defendant moves to strike the second count of the amended complaint.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of the complaint to state a claim upon which relief can be granted.
The defendant contends that the allegations in the second count fail to allege the necessary predicate facts to support a claim for breach of the covenant of good faith and fair dealing.
The plaintiffs argue that they did not merely append conclusory allegations, rather that they made factual allegations supporting their claim in count two.
In paragraph 19 of the second count, the plaintiffs make reference to a letter of March 26, 2002 from the defendant which allegedly made incorrect statements. Paragraphs 20 and 21 make specific reference to property coverage Part 330 of the policies and Endorsement No. 100, again asserting incorrect claims were made by the defendant. Paragraph 22 avers that the defendant failed to conduct a full and adequate investigation before denying plaintiff's claim for insurance coverage.
The plaintiffs then assert that the erroneous claims in the coverage letters were designed to mislead the plaintiff and that the defendant acted with malice in misleading the plaintiffs.
The court finds that the plaintiffs did not merely make conclusory allegations of bad faith, but rather made factual allegations in support of their claim of bad faith and fair dealing.
Therefore, the court finds that the plaintiffs have alleged sufficient facts to support a cause of action for breach of the covenant of good faith and fair dealing.
Accordingly, the motion to strike the second count of the amended complaint is denied.
Stengel, J. CT Page 3942